1
2
3
4
5          IN THE UNITED STATES DISTRICT COURT
6        FOR THE NORTHERN DISTRICT OF CALIFORNIA
7
8   RUCHELL CINQUE MAGEE,            )
                                     )     No. C 06-3851 TEH (PR)
9              Plaintiffs,           )
                                     )     **ORDER OF DISMISSAL**
10       v.                          )
                                     )
11  ATTORNEY GENERAL FLORES, et      )
    al,                              )     (Docket Nos. 3, 4, 5)
12                                   )
               Defendants.           )
13  ─────────────────────────────────
14
15          Ruchell Cinque Magee,  a prisoner at California State Prison-Corcoran

16  and a frequent litigant in this Court, has filed a civil rights complaint under 42

17  U.S.C. § 1983 claiming that his civil rights were violated by Defendants actions

18  in seizing trial records from his criminal jury trial in the 1970s.  He seeks to

19  proceed in forma pauperis under 28 U.S.C. § 1915 (docket no. 4).  Plaintiff has

20  also filed a motion for a "hearing on filing" regarding his right to proceed in

21  forma pauperis (docket no. 3) and a "motion for declaratory judgment" which

22  apparently challenges the failure of the California Board of Prison Terms to set a

23  parole date (docket no. 5).  The Court is unable to discern how this  application is

24  related to the instant civil rights actions.

25          This Court has previously ruled in Case No. C 06-0390 TEH (PR), that

26  Plaintiff is not entitled to proceed in forma pauperis, because on three or more

27  occasions, Plaintiff filed civil actions that were dismissed on the grounds of being

28  frivolous, malicious, or for failure to state a claim upon which relief may be

granted.  See, <u>Magee v. California Attorney General</u>, Case No. C-06-0390 TEH (PR) (docket no. 5; filed June 14, 2006, dismissed under 28 U.S.C. § 1915(g)).

The Prison Litigation Reform Act of 1995 ("PLRA") was enacted, and became effective, on April 26, 1996.  It  provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  "Section 1915(g)'s cap on prior dismissed claims applies to claims dismissed both before and after the [PLRA's] effective date." <u>Tierney v. Kupers</u>, 128 F.3d 1310, 1312 (9th Cir. 1997).  A prisoner barred from proceeding in forma pauperis pursuant to § 1915(g) may proceed under the fee provisions of 28 U.S.C. §§ 1911-14 applicable to everyone else. <u>Adepegba v. Hammons</u>, 103 F.3d 383, 388 (5th Cir. 1996).

In <u>Andrews v. King</u>, 398 F.3d 1113, 1120 (9th Cir. 2005), the Ninth Circuit found that where "defendants challenge a prisoner-plaintiff's <u>IFP</u> status, then the initial production burden rests with the defendants. . . . [T]he defendants must produce documentary evidence that allows the district court to conclude that the plaintiff has filed at least three prior actions" that can be counted under § 1915(g).  While <u>Andrews</u> does not address a case such as this one where the Court raises the issue <u>sua</u> <u>sponte</u>, in <u>Andrews</u> the Ninth Circuit found the rationale of <u>Evans v. Ill. Dept. of Corr's.</u>, 150 F.3d 810, 811-12 (7th Cir. 1998) instructive regarding who bears the burden when the issue is raised by the district court.  In <u>Evans</u>, the Seventh Circuit upheld the district court's determination to deny IFP status to a prisoner-plaintiff where the court informed the plaintiff of

the cases which it relied on for the determination under § 1915(g) status, thereby putting plaintiff "on notice as to what the district court considered when denying his request to proceed *in forma pauperis*.  Having been notified, Evans bore the burden of showing that the district court incorrectly assessed his litigation history."

In this case, the Court finds that Plaintiff's claim cannot proceed in forma pauperis under § 1915(g).  Plaintiff was previously the subject of a pre-filing order.  See Magee v. Marshall, No. C-93-3637 DLJ (pre-filing order filed May 10, 1995 at p. 3 n.2.)  Moreover, this Court has reviewed the orders of dismissal in the following cases: C-93-3507 DLJ (PR)(docket no. 4; filed June 9, 1994, dismissed res judicata)[1]; C-93-3638 DLJ (PR) (docket no. 5; filed June 9, 1994, dismissed for failure to state a claim/frivolous; C-94-3815 DLJ (PR) (docket no. 5; filed March 17, 1995 dismissed as malicious); C-95-3855 DLJ (PR) (docket no. 3; filed May 23, 1996, dismissed as malicious); C-94-1786 SBA (PR) (docket no. 7; filed November 7, 1994, dismissed based on defendant's immunity from suit); C-94-4298 DLJ (PR) (docket no. 2; filed March 16, 1995, dismissed as malicious); and C-95-2520 DLJ (PR) (docket no. 3; filed July 20, 1995, dismissed as malicious/duplicative).  Each of the above cases reviewed by this Court constitutes a case covered by § 1915(g).

Because Plaintiff has had three or more prior dismissals that are frivolous, malicious or fail to state a claim and the allegations of the complaint do not show that he is under imminent danger of serious physical injury, his request to proceed in forma pauperis is DENIED and the action is DISMISSED.  This

---

[1]An in forma pauperis complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under § 1915.  Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995)

3

dismissal is without prejudice to Plaintiff asserting the same claims in a complaint for which he pays the full filing fee at the outset. Moreover, if Plaintiff has a non-frivolous reason to argue that this Court has incorrectly assessed his litigation history, Plaintiff may file a motion to reconsider under this docket. All pending motions are DENIED as moot in light of the dismissal of the action (docket no. 3, 4, 5). The Clerk shall close the file and enter judgment in this matter.

SO ORDERED.

DATED:   03/28/07

THELTON E. HENDERSON
United States District Judge